# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN THE MATTER OF: | : | MISCELLANEOUS CASE |
| | : | |
| SEIZURE OF: | : | |
| | : | |
| THREE HUNDRED TWENTY-NINE THOUSAND, THREE HUNDRED AND FORTY-ONE DOLLARS, THREE CENTS ($329,341.03); | : | |
| | : | |
| AND | : | |
| | : | |
| ONE HUNDRED TWENTY-FIVE THOUSAND, FOUR HUNDRED AND NINETY-SIX DOLLARS ($125,496.00) | : | NO. 21-MC-79 |

## O R D E R

AND NOW, this _____ day of _____, 2022, upon consideration of the government's motion under 18 U.S.C. § 983(a)(3) to extend for 90 days the period of time to obtain an indictment or file a complaint seeking forfeiture of the above-listed property, this Court finds that for good cause shown and upon agreement of the parties, the motion is GRANTED. The time period within which the government must obtain an indictment or file a complaint in this matter with regard to the claims filed by Maximilien De Hoop Cartier is extended to May 2, 2022.

**HONORABLE JOSHUA D. WOLSON**
**United States District Court Judge**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN THE MATTER OF: | : | MISCELLANEOUS CASE |
| | : | |
| SEIZURE OF: | : | |
| | : | |
| THREE HUNDRED TWENTY-NINE THOUSAND, THREE HUNDRED AND FORTY-ONE DOLLARS, THREE CENTS ($329,341.03); | : | |
| | : | |
| AND | : | |
| | : | |
| ONE HUNDRED TWENTY-FIVE THOUSAND, FOUR HUNDRED AND NINETY-SIX DOLLARS ($125,496.00) | : | NO. 21-MC-79 |

## UNOPPOSED MOTION OF UNITED STATES OF AMERICA FOR EXTENSION OF TIME TO OBTAIN INDICTMENT OR FILE FORFEITURE COMPLAINT

The United States of America, by its attorneys, Jennifer Arbittier Williams, United States Attorney for the Eastern District of Pennsylvania, and Justin T. Ashenfelter, Assistant United States Attorney, pursuant to 18 U.S.C. § 983(a)(3), requests this Court to extend the period of time in which the government may obtain an indictment or file a civil complaint seeking forfeiture of the above-listed property for 90 days. In support of the motion, the government avers as follows:

1. On April 6, 2021, pursuant to a seizure warrant issued by a United States Magistrate Judge in the Eastern District of Pennsylvania, agents from the Drug Enforcement Administration ("DEA") seized United States currency from two Citizens Bank accounts owned, and or used, by Maximilien De Hoop Cartier and or his business AZ Technologies. Agents seized a total of $329,341.03 in funds contained in Citizens Bank Checking and Savings Account ending in x62751, and $125,496.00 in funds contained in Citizens Bank Checking and Savings

Account ending in x6259.  The money seized from these two bank accounts shall hereinafter be known collectively as the "seized currency".

2. On or about July 2, 2021, as required by law, DEA sent direct written notice to Maximilien De Hoop Cartier, among other parties, regarding the agency's intention to forfeit the seized currency.

3. On August 5, 2021, Maximilien De Hoop Cartier filed an administrative claim with DEA seeking the return of the seized currency.

4. The Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983, *et seq*. provides that, within 90 days after a claim for the return of property is filed, the government must obtain an indictment listing the seized property as being subject to forfeiture and take other steps necessary to preserve the seized property, file a civil complaint for forfeiture of the seized property, or obtain a court order extending the time period for good cause shown or upon agreement of the parties, as provided under federal law.  *See* 18 U.S.C. § 983(a)(3)(A) and (B).  Also, if the government does not obtain an indictment listing the seized property as being subject to forfeiture, file a civil forfeiture complaint, or obtain an extension of time, the government must release the property and not take any further civil forfeiture action against the property.  *See* 18 U.S.C. § 983(a)(3)(B).

5. The government was therefore required to obtain an indictment listing the seized property as being subject to forfeiture, file a civil complaint for forfeiture, or obtain an extension of time in this case, on or before November 3, 2021, with respect to Maximilien De Hoop Cartier's claim to the seized currency.

6. Pursuant to an unopposed motion from the government, this Court granted the government's initial motion for a 90-day extension of the filing deadline, and the current

deadline by which the government must obtain an indictment listing the seized property as being subject to forfeiture, file a civil complaint for forfeiture, or obtain an extension of time in this case, is no February 1, 2022.

       7.     By this motion, the government, pursuant to 18 U.S.C. § 983(a)(3)(A), requests a second extension of time of an additional 90 days from the filing deadline, to May 2, 2022, to obtain an indictment listing the seized currency as being subject to forfeiture or file a civil complaint for forfeiture in this matter.

       8.     The government submits that good cause exists to grant relief in this instance.

       9.     In this particular case, the government estimates that it requires the continuance requested here in order to complete its investigation. The government is continuing to review evidence regarding the seizure of the subject currency. Further, counsel for the government and counsel for the claimant, are engaging in ongoing discussions about a possible non-judicial resolution of this matter, and the parties have already met once in furtherance of settlement discussions. The parties also anticipate an additional in-person meeting in the coming weeks, scheduled for February 8, 2022. The requested extension of time also will enable the government to identify legal and factual issues involving the seizure and forfeiture of the subject currency, and to fully consider the claims for the return of the seized currency. Also, before taking final action, government counsel must obtain supervisory approval of any proposed forfeiture complaint or any proposed settlement.

       10.     The government submits that the requested extension of 90 days is reasonable under the circumstances. The government also submits that the requested extension of time is made in good faith and is not intended to unduly delay these proceedings. While this

request is the government's second request for an extension of time to obtain an indictment or file a complaint, and it will nonetheless not unduly prejudice the claimant.

        11.    Counsel for the government spoke with Benjamin Allee, Esq., counsel for Maximilien De Hoop Cartier, who represented that his client Mr. Cartier does not oppose the government's request for a 90-day continuance in this matter.

        WHEREFORE, based on the foregoing, the government requests that this Court grant the motion.

        Respectfully submitted,

        JENNIFER ARBITTIER WILLIAMS
        United States Attorney

        */s Sarah L. Grieb*
        SARAH L. GRIEB
        Assistant United States Attorney
        Chief, Asset Recovery and Financial Litigation

        */s Justin T. Ashenfelter*
        JUSTIN T. ASHENFELTER
        Special Assistant United States Attorney

Date: January 31, 2022

**CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the MOTION OF UNITED STATES OF AMERICA FOR EXTENSION OF TIME TO OBTAIN INDICTMENT OR FILE FORFEITURE COMPLAINT was served on the following by e-mail:

Benjamin Allee, Esquire
Attorney for Claimant Maximilien De Hoop Cartier
Benjamin@yankwitt.com

/s Justin T. Ashenfelter
JUSTIN T. ASHENFELTER
Assistant United States Attorney

Date: January 31, 2022