IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN THE MATTER OF: | : | MISCELLANEOUS CASE |
| | : | |
| SEIZURE OF: | : | |
| | : | |
| THREE HUNDRED TWENTY-NINE THOUSAND, THREE HUNDRED AND FORTY-ONE DOLLARS, THREE CENTS ($329,341.03); | : : : | |
| | : | |
| AND | : | |
| | : | |
| ONE HUNDRED TWENTY-FIVE THOUSAND, FOUR HUNDRED AND NINETY-SIX DOLLARS ($125,496.00) | : : : | NO. 21-MC-79 |

**GOVERNMENT'S MEMORANDUM RELATED TO THE UNOPPOSED MOTION FOR EXTENSION OF TIME TO OBTAIN AN INDICTMENT OR FILE A FORFEITURE COMPLAINT AND TO EXPLAIN THE REASON FOR FILING THE UNOPPOSED MOTION OUTSIDE THE TIMEFRAME PROVIDED IN THE COURT'S POLICIES AND PROCEDURES**

The United States of America, by its attorneys, Jennifer Arbittier Williams, United States Attorney for the Eastern District of Pennsylvania, and Justin T. Ashenfelter, Assistant United States Attorney, hereby submits this memorandum to the Court, in response to the order issued on February 1, 2022, requiring government counsel to explain why he moved to extend the period of time in which the government may obtain an indictment or file a civil complaint seeking forfeiture of the above-listed property one day before, instead of the required 7 days before, as specified in Judge Wolson's Policies and Procedures, the previously imposed deadline set for February 1, 2022 (Doc. #4).  The government avers as follows:

    1.  On April 6, 2021, pursuant to a seizure warrant issued by a United States Magistrate Judge in the Eastern District of Pennsylvania, agents from the Drug Enforcement Administration ("DEA") seized United States currency from two Citizens Bank accounts owned,

and or used, by Maximilien De Hoop Cartier and or his business AZ Technologies. Agents seized a total of $329,341.03 in funds contained in Citizens Bank Checking and Savings Account ending in x62751, and $125,496.00 in funds contained in Citizens Bank Checking and Savings Account ending in x6259. The money seized from these two bank accounts shall hereinafter be known collectively as the "seized currency".

2. On or about July 2, 2021, as required by law, the DEA sent direct written notice to Maximilien De Hoop Cartier, among other parties, regarding the agency's intention to forfeit the seized currency.

3. On August 5, 2021, Maximilien De Hoop Cartier filed an administrative claim with DEA seeking the return of the seized currency.

4. The Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983, *et seq*. provides that, within 90 days after a claim for the return of property is filed, the government must obtain an indictment listing the seized property as being subject to forfeiture and take other steps necessary to preserve the seized property, file a civil complaint for forfeiture of the seized property, or obtain a court order extending the time period for good cause shown or upon agreement of the parties, as provided under federal law. *See* 18 U.S.C. § 983(a)(3)(A) and (B). Also, if the government does not obtain an indictment listing the seized property as being subject to forfeiture, file a civil forfeiture complaint, or obtain an extension of time, the government must release the property and not take any further civil forfeiture action against the property. *See* 18 U.S.C. § 983(a)(3)(B).

5. The government was therefore required to obtain an indictment listing the seized property as being subject to forfeiture, file a civil complaint for forfeiture, or obtain an

extension of time in this case, on or before November 3, 2021, with respect to Maximilien De Hoop Cartier's claim to the seized currency.

6. Pursuant to an unopposed motion from the government, this Court granted the government's initial motion for a 90-day extension of the filing deadline, and the deadline by which the government must obtain an indictment listing the seized property as being subject to forfeiture, file a civil complaint for forfeiture, or obtain an extension of time in this case, was set for February 1, 2022. In granting the motion, the Court's order specified: "Any future requests for extension must comply with Judge Wolson's Policies and Procedures concerning the timing of requests for extensions." (Doc. #2).

7. On January 31, 2022, the government filed an unopposed motion, pursuant to 18 U.S.C. § 983(a)(3)(A), requesting a second extension of time for an additional 90 days from the filing deadline, to May 2, 2022, to obtain an indictment listing the seized currency as being subject to forfeiture or file a civil complaint for forfeiture in this matter. In support of its motion, the government submitted that good cause existed to grant relief in this instance. The motion stated:

> The government is continuing to review evidence regarding the seizure of the subject currency. Further, counsel for the government and counsel for the claimant, are engaging in ongoing discussions about a possible non-judicial resolution of this matter, and the parties have already met once in furtherance of settlement discussions. The parties also anticipate an additional in-person meeting in the coming weeks, scheduled for February 8, 2022. The requested extension of time also will enable the government to identify legal and factual issues involving the seizure and forfeiture of the subject currency, and to fully consider the claims for the return of the seized currency. Also, before taking final action, government counsel must obtain supervisory approval of any proposed forfeiture complaint or any proposed settlement.
>
> [. . .]

>Counsel for the government spoke with Benjamin Allee, Esq., counsel for Maximilien De Hoop Cartier, who represented that his client Mr. Cartier does not oppose the government's request for a 90-day continuance in this matter.

[(Doc. 3).]

8.  The undersigned hereby acknowledges that, consistent with the Court's Policies and Procedures clearly posted on the website for the U.S. District Court for the Eastern District of Pennsylvania (https://ecf.paed.uscourts.gov/doc1/153119985284, *see* Section D, p. 10), he should have provided the Court with an update as to the status of this matter within 7 days of the deadline of February 1, 2022 (or by January 26, 2022). Based upon discussions with counsel for the Claimant, the government was awaiting confirmation of scheduling for an in-person meeting to discuss resolving the matter on a proposed settlement. The plan for a meeting to be scheduled for February 8, 2022, was not confirmed until January 31, 2022. The government had been awaiting confirmation from counsel since January 21, 2022. In the interim, the undersigned had noted only the impending deadline as February 1, 2022, and not January 26, 2022, that date governing extensions of deadlines in Judge Wolson's Policies and Procedures. That was a regrettable oversight.

9.  The parties will be convening for an in-person meeting on February 8, 2022. The Claimant resides in Europe, while his counsel is located in White Plains, New York. Scheduling an in-person meeting requires advance coordination and planning, while keeping in mind international travel arrangements and the schedules of several lawyers as well as agents from the DEA. The undersigned submits his sincere apologies for not including the Court in the planning discussions or providing an update accordingly, or within the time period required in the posted Policies and Procedures. The Policies and Procedures will be consulted in the future.

- 5 -

WHEREFORE, based on the foregoing, the government requests that this Court grant the unopposed motion for an extension of time and accept the government's explanation submitted herein.

          Respectfully submitted,

          JENNIFER ARBITTIER WILLIAMS
          United States Attorney

          */s Justin T. Ashenfelter*
          JUSTIN T. ASHENFELTER
          Assistant United States Attorney

Date: February 1, 2022

**CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the government's memorandum was served on the following by e-mail:

Benjamin Allee, Esquire
Attorney for Claimant Maximilien De Hoop Cartier
Benjamin@yankwitt.com

/s Justin T. Ashenfelter
JUSTIN T. ASHENFELTER
Assistant United States Attorney

Date: February 1, 2022